Surrogate's Court, Kings County, December, 1921. [Vol. 117

In the Matter of the Petition of KINGS COUNTY TRUST COMPANY to Render and Settle its Account as Substituted Trustee of and Under the Last Will and Testament of PETER AITKEN, and to Obtain a Judicial Determination as to the Validity, Construction or Effect of the Disposition of Property Contained Therein.

(Surrogate's Court, Kings County, December, 1921.)

Wills — husband and wife — joint tenants — tenants by the entirety — widow's election to receive benefits under will of deceased husband permits title to real estate which was owned by them jointly to pass under the will of her deceased husband.

Although decedent and his wife held certain real estate as joint tenants, which upon his death passed by right of survivorship to her, he assumed to dispose of the same by a will establishing a trust of his entire estate for her benefit during life and upon her death directing the payment of certain legacies, the residue to be divided into four equal parts as to each of which he created further separate trusts. By a codicil which revoked one of said trusts, created primarily for the daughter of testator, she was given, free from any rent or other charge, the use and occupancy for life of a part of the house upon said real estate, with remainder to a grandson of testator and his heirs forever. The codicil also provided that during the daughter's life, the rent of the other part of the house should be collected by the executor as part of the residuary estate and applied to the payment of taxes, insurance and repairs. At the death of the testator, provided the fair and reasonable market value of the premises did not equal one-fourth of the residuary estate, the executor was directed to pay to the daughter, in cash, the difference between the appraised value made by the executor as directed and the one-fourth part of the residuary estate. Until her death, ten years after that of her father, the daughter occupied her part of the house with the consent of her mother. Thereafter, and for a nominal consideration, the widow, who during her lifetime had accepted the income of the trust created for her by her husband's will, conveyed the premises to the devisee thereunder. In a proceeding for the judicial construction of a

will, *held,* that the widow's acceptance of the income of the trust constituted an election on her part to accept the provisions of the will and to permit the premises of which she was the owner to pass under the devise thereof contained in her husband's will.

The conveyance of the premises having been made with full knowledge of the facts of the situation must be taken as an open ratification of the testator's act in assuming to make the devise and as an act on the part of the widow in furtherance of her election to abide by the terms of her husband's will.

In the circumstances, for the purpose of determining the amount of cash presently payable to the estate of the deceased daughter in accordance with the codicil, the premises in question must be deemed to pass to the testator's grandson by virtue of the will and a claim that the full one-quarter share of the residue is now payable to the next of kin of the deceased daughter as if the said premises formed no part of decedent's estate and were not in anywise affected by his will, is untenable.

PROCEEDING for judicial construction of will on settlement of trustee's account.

Brower, Brower & Brower, for accountant, Kings County Trust Company.

James Gray (Frederick A. Keck, of counsel), for respondents Margaret McLaren King, Robert McLaren, George A. McLaren, Lomon Hill McLaren, Peter McLaren and Arthur McLaren.

Thomas Kelby, special guardian for Edward I. McLaren and Christina D. McLaren.

WINGATE, S.   The question arising for decision is as to whether the premises known as No. 257 Eleventh street, in the borough of Brooklyn, shall be treated as a part of the estate of this decedent, and its appraised value taken into consideration in determining the amount of money now to be paid to the representative of Christina McLaren in satisfaction of the legacy bequeathed to her by the codicil to decedent's will.

Surrogate's Court, Kings County, December, 1921.    [Vol. 117

These premises were held by the decedent and his wife, Christina Aitken, as joint tenants and at his death passed by survivorship to her. Despite this fact the decedent has assumed by his will to dispose of them.

His will established a trust of his entire estate for the benefit of his wife during her lifetime, and upon her death directed the payment of prescribed legacies to persons named and the residue then remaining to be divided into four equal parts, as to each of which parts he created further separate trusts.

We are now concerned only with the trust created primarily for the daughter, Christina McLaren. The provisions of the will with respect to this trust were revoked by the codicil, which in lieu thereof substituted the following:

" I give and bequeath unto my daughter Christina McLaren the use and occupance, free from any rent or other charge during her lifetime, of the basement and first floor of my house known as #257 Eleventh Street, Borough of Brooklyn, and at her death, I give, devise and bequeath the said house to my grandson, Lomon Hill McLaren, and his heirs forever; and I hereby provide that during the lifetime of my daughter Christina McLaren, the rent of the second or top floor of said house No. 257 Eleventh Street shall be collected by my executor hereinafter named, to be part of my residuary estate, said rent first to be applied to payment of taxes and insurance and the balance to be used on repairs.

" I further provide that at my death the said house No. 257 Eleventh Street shall be appraised by my executor hereinafter named, at its fair and reasonable market value, and provided that such value does not equal a one-fourth part of my residuary estate, then and in that event I direct my executor hereinafter named, to pay to my said daughter Christina

Misc.]    Surrogate's Court, Kings County, December, 1921.

McLaren, in cash, a sum which shall equal the difference between such appraised value and such one-fourth part of my residuary estate.''

Peter Aitken, the decedent, died February 2, 1905. Thereafter, and on October 6, 1915, the daughter, Christina McLaren, died. The widow, Christina Aitken, died on November 30, 1919.

During her lifetime, after her father's death, the daughter occupied the first floor and basement of the premises in question with the consent of Christina Aitken. The widow during her lifetime accepted the income of the trust created for her benefit by her husband's will. While it is not clear that prior to the daughter's death the widow knew that the premises in dispute belonged to her, yet she did become possessed of this knowledge at or about the time of the death of the daughter. After the acquisition by her of this knowledge, the income of the estate was paid to her, as before, by the trustee and accepted by her. In 1916 the widow, for a nominal consideration, conveyed to Loman Hill McLaren, the devisee named in the will of the decedent, the premises assumed to be devised to him by the will.

The next of kin of Christina McLaren assert that the value of these premises must not be taken into consideration in determining the sum now payable to the estate of Christina McLaren, but that the full one-quarter share of the residue is now payable to them as if the Eleventh street premises formed no part of the estate and were not in any wise affected by the will of the decedent. This claim is without merit and cannot be sustained.

While these premises constituted no part of his estate and did after his death belong in severalty to his widow, Christina Aitken, yet by his will and codicil he sought to dispose of them. This he could not do

Surrogate's Court, Kings County, December, 1921. [Vol. 117

unless by his will he gave to his widow something of value which put her to an election, either to abide by the terms of the will or to retain her own and refuse to accept that which her husband designed for her by his will. Under the facts of this case the widow was put to an election.

The acceptance of the income of the trust created by the will of the decedent, under the circumstances already referred to, constituted an election upon her part to accept its provisions and to permit the premises, No. 257 Eleventh street, which she owned, to pass under his devise therein contained. Moreover, her conveyance of the premises, in 1916, to Loman Hill McLaren, when the facts of the situation were fully known to her, must be taken as an express ratification of the testator's act in assuming to devise them and as an act upon her part in furtherance of her election to abide the terms of his will. *Bectson* v. *Stoops,* 186 N. Y. 456.

The premises must be deemed in the circumstances to pass to the grandson, Loman Hill McLaren, by virtue of the will for the purpose of determining the amount of cash now payable to the estate of Christina McLaren, as in the codicil provided.

It follows that there is now payable to the administratrix of Christina McLaren only so much money as, together with the appraised value of such premises, will equal one-fourth of the testator's residuary estate, as specified in his codicil.

. The will contains a valid power of sale in the trustee authorizing the disposition of the lands of which the testator died seized, for the purpose of distribution in conformity with the provisions of his will. This power, therefore, affects the premises known as No. 41 Fourth place.

Submit decree accordingly with notice of settlement.